### FRANKLIN, for use, *vs.* MADDEN.

Where a motion for new trial was made, but was abandoned, and exceptions were filed to rulings of the court below, but the bill of exceptions and record fail to show what the court did, except by assigning error, save as to one ground of error, and as to that the bill of exceptions was so confused as to be unintelligible, this court cannot ascertain what transpired in the court below. The presumption is that the court below did right, and he who assigns error must show it.

November 23, 1886.

Practice in Supreme Court. Presumptions. Before Judge RONEY. Burke Superior Court. May Term, 1886.

Reported in the decision.

J. S. & W. T. DAVIDSON; BOYKIN WRIGHT; R. O. LOVETT, for plaintiff in error.

P. P. JOHNSTON; H. D. D. TWIGGS, for defendant.

BLANDFORD, Justice.

There was a motion for new trial made in this case which was abandoned, and certain exceptions were filed

to the rulings of the court below, but the bill of exceptions, while it contains the evidence, fails to show what the court did, only as it appears in the assignments of error, except as to one ground, and that is, when claimant was on the stand as a witness, he was asked if there was not a writing which showed that the property levied on had been conveyed by him, claimant, conditionally to the defendant, and he then stated that he did not claim his title through the writing; that the writing was an agreement on his part to sell to defendant the property in the fall of the year, provided he made a good crop. The exception by plaintiff is, that this testimony was allowed by the court over objections by plaintiff's counsel; another part of the bill of exceptions shows that the evidence was drawn out by the counsel of plaintiff over the objection of claimant's counsel. In this state of the record, we are unable to ascertain what did transpire in the court below. The presumption is that the court did right, and it is incumbent on him who alleges error to show it; if he fails to do so, the judgment below must stand. As to the other grounds of error assigned, the record is silent as to what was done by the court, and we cannot consider the same.

Judgment affirmed.